## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | | |
|---|---|---|
| Akeem C. Mason, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:24cv69 (RDA/LRV) |
| | ) | |
| A. Walker, *et al.*, | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

Akeem C. Mason, a Virginia inmate, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983

alleging that his constitutional rights were violated while he was detained at the Meherrin River

Regional Jail—Alberta Facility ("MRJ"). Dkt. No. 1. He alleges that Defendants A. Walker,

Hearing Officer, and Capt. Wesley Townsend violated his rights with regard to "numerous

disciplinary infractions" he has incurred while at MRJ. *Id.* at 6. Because Plaintiff is a prisoner, his

complaint must be screened to determine whether it is frivolous, malicious, or fails to state any

claims upon which relief may be granted. *See* 28 U.S.C. § 1915A.[1]

### I. Standard of Review

Pursuant to § 1915A, a court must dismiss claims based upon "an indisputably meritless

legal theory," or where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp.

---

[1] Section 1915A provides:

(a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

417, 427 (E.D. Va. 1992) (citation omitted). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Sumner v. Tucker*, 9 F. Supp.2d 641, 642 (E.D. Va. 1998). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) (a pleading must be presented "with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of the pleader's claims "without untoward effort"). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

In order to screen a complaint, it must present a coherent, comprehensible, and intelligible document. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*

*v. Gibson*, 355 U.S. 41, 47 (1957); *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) (a pleading must be presented "with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of the pleader's claims "without untoward effort"). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

## II. Complaint

The complaint alleges that Plaintiff has had "numerous disciplinary infractions" but that Defendant Walker has not provided him with a "physical copy" or "written copy" of the offense report stating what it was he did to break the rule that he was charged with breaking. Dkt. No. 1 at 6. Plaintiff admits he was provided with a "Notice of Disciplinary Charges" that stated the number of the rule he was alleged to have violated, but it provides no description of the offense; and that he is also provided a "Notice Notification of Hearing" form that tell him the date of the hearing and the reason for the hearing. [*Id.*]. He also alleges that Defendant Townsend responded to his appeals.

## III. Analysis

A § 1983 complaint must allege facts indicating that the plaintiff was deprived of rights guaranteed by the Constitution or laws of the United States and that the alleged deprivation resulted from conduct committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Each named defendant in a § 1983 complaint must have had personal knowledge of and involvement in the alleged violations of plaintiff's constitutional rights for the action to proceed against that defendant. *De'Lonta v. Fulmore*, 745 F. Supp. 2d 687, 690-91 (E.D. Va. 2010); *see Barren v. Harrington*, 152 F.3d 1193, 1194-95 (9th Cir. 1998) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the

deprivation of his civil rights."); *see also Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978) (discussing "requisite causal connection" in § 1983 cases between named defendant and claimed injury).

Prisoners retain rights under, and may claim the protections of, the Due Process Clause in disciplinary proceedings. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Specifically, the due process rights that prisoners possess when a protected liberty interest is at stake are: (1) twenty-four-hour advanced written notice of the charges against him, *Id.* at 563-64; (2) "a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary action;" *id.* at 564-65 (internal quotation marks and citation omitted); (3) an opportunity to call witnesses and present documentary evidence where doing so "will not be unduly hazardous to institutional safety or correctional goals," *id.* at 566; (4) assistance at the hearing if he is illiterate or if the matter is complex; *id.* at 570; and (5) a sufficiently impartial fact finder. *Id.* at 570-71. To satisfy due process, the fact-finder's decision during a prison disciplinary hearing must be supported by "some evidence." *Superintendent, Mass. Corr. Inst. Walpole v. Hill*, 472 U.S. 445, 455 (1985).[2]

Here, the complaint is devoid of sufficient facts to state a claim. First, he does not provide the dates of the alleged disciplinary infractions and hearings; and it's not alleged that he was found guilty of any charge. Second, the only due process requirement is "notice" and Plaintiff has not provided the specific description of the notice he admits that he was given. In addition, *Wolff* does not require written notice, only notice.

Lastly, with regard to Defendant Townsend, other than stating he affirmed the decision of the hearing officer, Plaintiff does not provide the grounds upon which he appealed in the

---

[2] A violation of jail procedural rules regarding disciplinary appeals would not state a claim for relief under § 1983. *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that hearing officer failed to follow internal policies and procedures in prison handbook had "no bearing on his right to due process").

"numerous disciplinary infractions" he allegedly appealed. For instance, if he appealed on sufficiency, as long as there was "some evidence" to support the hearing officer's decision then there is no due process violation. *Hill*, 472 U.S. at 455. Because he is proceeding *pro se*, however, Plaintiff will be allowed to amend his complaint.

The amended complaint shall separately number each claim that Plaintiff seeks to raise by letter or number. Each subsequent claim shall be designated by the appropriate letter or number and each designated claim shall provide a statement of the claim and included in that statement Plaintiff shall identify the federal right he alleges has been violated. Thereafter, Plaintiff will name the defendants associated with each claim, and provide the facts associated with the claim. In setting forth the specifics and facts of his claim, Plaintiff should use defendants' names rather than a generic designation of "defendants" or staff, which would assist in clarifying the matter and allow a defendant to respond. The facts must include dates as to when matters occurred, as well as where they occurred. The factual allegations shall be set forth in numbered paragraphs for ease of reference.

Accordingly, it is hereby ORDERED that the complaint be and is conditionally filed pending compliance with the requirements of this Order; and it is

FURTHER ORDERED that Plaintiff particularize and amend his complaint within thirty (30) days of the date of this Order using the enclosed standardized §1983 complaint form by (i) naming every person he wishes to include as a defendant, (ii) identify each claim he seeks to raise, and (iii) submitting a short, detailed statement of background facts which describes the specific conduct of each defendant whom he alleges violated his constitutional rights, including the facts giving rise to his complaint, the dates of each incident, the persons involved, the reasons why he believes each defendant is liable to him, where the alleged conduct took place, and the remedies

sought. Plaintiff must address the deficiencies set forth herein and include his civil action number, 1:24cv69 (RDA/LRV), on the first page of his amended complaint. Plaintiff is advised that this amended complaint will serve as the sole complaint in this civil action; and it is

FURTHER ORDERED that Plaintiff's failure to comply with any part of this Order within thirty (30) days from the entry of this Order, or failure to notify the Court immediately upon being transferred, released, or otherwise relocated, may result in the dismissal of this complaint pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk is directed to send a copy of this Order and a § 1983 form to Plaintiff, who is proceeding *pro se*.

Entered this __18__ day of __July__ 2024.

Alexandria, Virginia

/s/

Rossie D. Alston, Jr.
United States District Judge

6